# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                  No. 03-CR-00569 JB

MARVIN THOMAS and
GENE ALAN SUMMERS,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in Limine to Exclude Statement Made in Government's Response, filed February 16, 2004 (Doc. 170).  The issue is whether the Court should prohibit the Defendant, Marvin Thomas, from introducing at trial a statement made by the government in its response to Thomas' Brady request.  Because the United States can explain the context in which it made the statement, the Court will deny the motion.

## BACKGROUND

The United States filed a Response to Thomas' Brady Request and Request for Hearing on December 15, 2003 (Doc. 119).  In that response, the United States explained how the grand jury testimony of Adrienne McCastle, Thomas' girlfriend, was not subject to Brady's disclosure requirements because McCastle's grand jury testimony was not exculpatory.  The United States stated:

> Marvin Thomas is charged with conspiracy to commit bank robbery and aiding and abetting a bank robbery by letting the principal bank robbers use his apartment after the robbery and furnishing and driving the final escape vehicle.  Because the escape phase is part of a bank robbery, Thomas is charged as both a principal and an aider and abettor.

> However, in none of the pleadings in this case has the government ever contended that Thomas participated in the actual robbery of the Bank of America or was even near the bank when the robbery occurred.  Thus, because Ms. McCastle's grand jury testimony does not conflict in the slightest degree with the government's theory as to Thomas' role in the robbery, it was neither favorable to the defendant nor material and, therefore, need not be disclosed under Brady.

Doc. 119, ¶¶4-5, at 2.

Thomas seeks to introduce at trial the following statement: "[I]n none of the pleadings in this case has the government ever contended that Thomas participated in the actual robbery of the Bank of America or was even near the bank when the robbery occurred."  The United States moves the Court *in limine* for an order prohibiting Thomas from introducing at trial that statement.  The United States contends that Thomas will introduce the statement out-of-context in an attempt to mislead and to confuse the jury.

## ANALYSIS

It is true that this statement, by itself, ignores the government's theory that Thomas is legally responsible for the bank robbery as a conspirator and aider and abettor.  On the other hand, the statement is probative of what the United States thinks its case against Thomas is.  While the United States contends that Thomas is attempting to use this statement out-of-context to mislead and to confuse the jury, the statement may actually be helpful to the jury in understanding precisely what the United States is asserting against Thomas.  The United States will have an opportunity to explain its case to the jury and to put its statement in context.  The Court will not exclude this statement, at this time, under rule 403 of the Federal Rules of Evidence, which provides for the exclusion of evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

-2-

The United States also contends that this statement does not qualify as an admission by a party-opponent under rule 801(d)(2) and is thus inadmissible at trial.  In Dartez v. Owens-Illinois, Inc., 910 F.2d 1291 (5th Cir. 1990), the United States Court of Appeals for the Fifth Circuit noted:

> [S]tatements made in a document, even in a "pleading," are not automatically properly regarded as admissions because the document was filed in a trial court.  Procedural context may also prevent the use as admissions of statements made by a party in the trial court.  For example, in a motion to transfer venue a defendant may make statements that are not concessions for all purposes, but merely operating assumptions which must be taken as true in order to resolve [the] collateral issue . . . .  Such statements should not later be regarded as an admission by the party.

Id. at 1294 (internal quotation marks and citation omitted).  In Dartez, the Fifth Circuit held that post-trial briefs that the defendants filed in a different case were not admissible as admissions of a party opponent.  See id.

In Dartez, the Fifth Circuit noted that "[t]rial court pleadings, at least to the extent that they are not hypothetical or in the alternative, generally constitute a statement by the pleader as to the occurrence of certain historical facts in the real world."  Id. at 1293.  Post-trial briefs, however, are different.  The Fifth Circuit analogized post-trial briefs to appellate briefs in that both "must confine themselves to making statements not about the facts as they unfolded in the real world, but about *what the trial record shows*."  Id. at 1293 (citation omitted)(emphasis in original).  Because a party is "not free to give his own version of the 'real world' facts," post-trial briefs cannot fairly be characterized as an admission.  Id.

In this case, established facts of record did not constrain or restrict the United States' response.  The United States was free to give its own version of the facts.  Indeed, the United States used its response to Thomas' Brady request as a way to describe how it believes Thomas was involved in this crime.  The procedural context in this case would suggest the government's statement

is an admission.  It meets the definition of rule 801(d)(2).  The Court will not exclude the statement at this stage of the case.

**IT IS ORDERED** that the United States' motion for an order *in limine* prohibiting Defendant Marvin Thomas, through his counsel, from introducing at trial the statement that the United States made in its Response to Defendant's Brady Request and Request for Hearing is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
  United States Attorney
  for the District of New Mexico
Presiliano Torrez
Amy Sirignano
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the United States*


Robert Gorence
Albuquerque, New Mexico

    *Attorney for Defendant Marvin Thomas*


Dennis W. Montoya
Rio Rancho, New Mexico

    *Attorney for Defendant Gene Alan Summers*