# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                No. CR 03- 569 JB

GENE ALAN SUMMERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Gene Alan Summers' Rule 29 Motion and Memorandum for Judgment of Acquittal, filed February 26, 2004 (Doc. 198). The primary issue is whether there was substantial evidence from which the jury could properly find Summers guilty beyond a reasonable doubt. Because the Court believed during the trial, and continues to believe, that, based on all of the evidence offered, a reasonable fact finder could conclude that Summers participated in the bank robbery and conspired to effectuate the agreement to commit bank robbery, the Court will deny the motion.[1]

## BACKGROUND

A grand jury indicted Summers on the following counts:

I.     On or about February 27, 2003, the defendants OMAR MOHAMMED, CURTIS DWAYNE FRAZIER AND GENE ALAN SUMMERS, by force, violence and intimidation did take money belonging to and in the care, custody, control and management, and possession of the Bank of America at 4301 Wyoming Blvd., NE, Albuquerque, New Mexico in violation of 18 U.S.C. §2113(a) and 8 U.S.C. §2.

II.     Between on or about February 23, 2003 until on or about February 27, 2003, the

---

[1] This opinion supplements and is in addition to the Court's comments on the record at the May 3, 2004 hearing on this motion.

defendants, OMAR MOHAMMED, CURTIS DWAYNE FRAZIER AND GENE ALAN SUMMERS, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with other persons whose names are known and unknown to the grand jury to commit Bank Robbery in violation of 18 U.S.C. §2113(a).

The indictment's allegations of overt acts were:

1. On or about February 27, 2003, the defendants OMAR MOHAMMED, CURTIS DWAYNE FRAZIER AND GENE ALAN SUMMERS, used a stolen Gold Acura, NM License Plate No. 463 JFL to rob the Bank of America at 4301 Wyoming Blvd., NE, Albuquerque, New Mexico.

2. On or about February 27, 2003, the defendants OMAR MOHAMMED, CURTIS DWAYNE FRAZIER AND GENE ALAN SUMMERS, used Marvin Thomas's Apartment No. 2013 at the Pinnacle View Apartments to change clothes, and to count and package money.

3. On or about February 27, 2003, the defendants OMAR MOHAMMED, CURTIS DWAYNE FRAZIER AND GENE ALAN SUMMERS, used the Ford Escape to make their getaway.

In violation of 18 U.S.C. §371.

Court's Jury Instruction No. 11.

The Court held a jury trial on the matter from February 18, 2004 through February 20, 2004. On February 20, 2004, Summers and co-defendant Marvin Thomas orally made a rule 29 motion at the close of the United States' case. The Court denied that motion. See Clerk's Minutes at 11, filed February 18, 2004 (Doc. 201).

**PROCEDURAL BACKGROUND**

Summers moves the Court, pursuant to rule 29 of the Federal Rules of Criminal Procedure, to enter a judgment of acquittal, vacating the verdict that the jury returned on February 20, 2004, and ordering Summers to be released from custody. Summers' motion is a renewal of his oral motion. Pursuant to rule 29(c)(1), Summers renewed motion is timely.

## STANDARDS FOR DECIDING RULE 29 MOTIONS

The judicial standard for deciding a motion brought pursuant to rule 29 is that the Court reviews the evidence, both direct and circumstantial, in the light most favorable to the United States, to determine whether, together with reasonable inferences therefrom, any rational trier of fact could find the defendant guilty beyond a reasonable doubt. The district court must "view the evidence in the light most favorable to the government and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." United States v. White, 673 F.2d 249, 301-03 (10th Cir. 1982).

Although this standard of review is deferential, the trial court cannot uphold a conviction obtained by "piling inference upon inference." United States v. Hansen, 41 F.3d 580, 582 (10th Cir. 1994)(citing Direct Sales Co. v. United States, 319 U.S. 703, 711 (1943)). As the United States Court of Appeals for the Tenth Circuit stated in United States v. Jones, 44 F.3d 860 (10th Cir. 1995):

> While a jury may draw reasonable inferences from direct or circumstantial evidence, an inference must be more than speculation and conjecture to be reasonable, and caution must be taken that the conviction not be obtained "by piling inference upon inference" . . . . A jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility. Such an inference is infirm because it is not based on the evidence.

Id. at 865. Black's Law Dictionary tells us the rule of inference on inference: "[m]eans that one presumption or inference may not be based upon another." Black's Law Dictionary at 778 (6th ed. 1990).

## LEGAL ANALYSIS

There is evidence in the record that sustains the jury's verdict. There is evidence that Summers, together with co-Defendants Omar Mohammed and Curtis Dwayne Frazier, arrived at the

Pinnacle View Apartments complex, located at 7600 Montgomery, NE, Albuquerque, New Mexico approximately thirty minutes before the robbery of the Bank of America, which is located at 4301 Wyoming, NW, Albuquerque, New Mexico.[2] The evidence is that the three arrived in a two-door stolen gold Acura, New Mexico license plate 463 JFL, which had been stolen on February 23, 2004, near Summers' apartment in Southeast Albuquerque. Witness testimony established that Summers, along with Mohammed and Frazier, entered apartment 2013, Thomas' apartment. The evidence is that the three brought a black bag with them, and a rational fact-finder could draw an inference that they met with Thomas and used the apartment to change clothes before the robbery took place.

After their arrival at the apartment, witness testimony established that all four men, including Summers, left the apartment within minutes and got into a red Ford Escape, New Mexico license plate FAA 605, that Thomas rented. Thomas, soon thereafter, returned to the apartment in the Ford Escape. The testimony also revealed that Thomas left the apartment again a short time later.

The evidence established that it was at or about this time that the Bank of America was robbed. At least one witness, George Bosiljevac, identified the getaway vehicle as the same stolen gold Acura that Summers, Mohammed and Frazier arrived in at the Pinnacle View Apartments thirty minutes before the robbery. Bosiljevac was able to obtain a partial license plate number of the stolen Acura and report it to the police. Further, Bosiljevac testified that Mohammed and Frazier got into the Acura within seconds of the robbery and that the car seemed to be pulling away as the person who entered the driver's side of the vehicle got into the car. The license plate number that Bosiljevac

---

[2] Mohammed and Frazier entered guilty pleas pursuant to plea agreements in this case. See Plea Agreement, filed November 21, 2003 (Doc. 106)(Mohammed) and Plea Agreement, filed November 21, 2003 (Doc. 104)(Frazier). According to the plea agreements, as well as witness testimony, Mohammed and Frazier were the two individuals who entered and robbed the Bank of America. Mohammed and Frazier did not, therefore, participate as defendants in the jury trial.

identified proved to be a partial license plate number of the stolen Acura which was found dumped and abandoned at the southeast corner of the Pinnacle View Apartments complex. This drop site was approximately three-tenths of a mile from Thomas' apartment.

Witness testimony established that, the next time all four men were observed, they were seen leaving Thomas' apartment and getting into the red Ford Escape. Albuquerque Police Department witnesses, who were surveilling Thomas' apartment, testified that, within minutes of the four men leaving the apartment, a police chase of the Ford Escape ensued through a residential neighborhood. The police officers ultimately stopped the vehicle and arrested all four men. Before the arrest, the officers testified that they saw Summers and the other men making furtive gestures consistent with hiding something within the vehicle. The police found nearly $10,000 within arm's reach of Summers. Additionally, the police found a latex glove, which was used in the course of the robbery, on the vehicle floor beneath Summers' seat. The jury may consider the intentional flight or concealment of a defendant immediately after a crime has been committed in the light of all other evidence in the case in determining guilt or innocence. See United States v. Espinoza, 771 F.2d 1382, 1393-94 (10th Cir. 1985).

During a subsequent search of Thomas' apartment, the police found keys to the stolen vehicle, as well as miscellaneous paperwork, notes, cash straps, coin and bill separators, and the clothes that Mohammed and Frazier wore into the Bank of America during the robbery.

The evidence at trial established circumstantial facts from which the jury could reasonably infer that Summers committed the overt acts alleged and, therefore, could be found guilty of the charges in the indictment. Specifically, based on the evidence in the record, the Court believes that the jury could infer that Summers used the safe house (Thomas' apartment) to plan the robbery, and

used the house later to help conceal evidence and to divide and to conceal the stolen money in bank bags, which they later carried out, put in the Escape, and drove away.  Further, the Court believes that the jury could infer that Summers drove the getaway vehicle from the bank following the robbery.

The Court does not believe that any inferences that the jury may have made in this case constituted inferences upon inferences as proscribed by the Tenth Circuit.  For example, Summers argues that the jury, to find that Summers drove the getaway vehicle, would have to first infer that there was a third person (other than Mohammed and Frazier) driving the vehicle and then, based on that inference, infer that Summers was the third person/driver.  The Court believes that Bosiljevac's testimony provided circumstantial existence of a third person driving the car, from which the jury could infer that Summers was that person.

The Court, having reviewed the evidence at trial and considered the arguments of the parties at the hearing on this motion, believes that there is sufficient evidence in the record to support the jury's guilty verdict and will, therefore, deny the motion.

**IT IS ORDERED** that the Defendant Gene Alan Summers' Rule 29 Motion and Memorandum for Judgment of Acquittal is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David C. Iglesias
  United States Attorney
   for the District of New Mexico
Presiliano Torrez
Amy Sirignano
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the United States*

Dennis W. Montoya
Rio Rancho, New Mexico

    *Attorney for Defendant Gene Alan Summers*